PER CURIAM.
Appellee/petitioner commenced this quo warranto action on February 17, 1976 claiming right to the office of City Commissioner of Indian Rocks Beach.
As prescribed by Section 80.031, Florida Statutes (1975), the procedures to be followed in quo warranto are those as set forth in the Rules of Civil Procedure relating to mandamus. Rule 1.660 of these rules provides in material part as follows:
“(a) Petition For — Alternative Writ. Proceedings in mandamus in the circuit court shall be instituted by petition stating briefly the basis for the relief sought. If the petition makes a prima facie case, the court may either issue the alternative writ or an order to show cause why an alternative writ should not be granted returnable on a day certain.
(b) Defendant’s Return — When. After the alternative writ issues, the defendant shall plead thereto as he deems *265 proper on or before the return day.' (Italics supplied.)
Here, the trial court elected to issue an alternative writ and made it returnable on April 1,1976. A default was entered by the clerk on March 24, 1976, more than twenty days after service of the writ but some seven days prior to the return day. A subsequent motion to set aside the default and for leave to answer the writ was denied by the court on March 31, 1976, the day before the return day, and final judgment was thereupon entered.
It was error to deny the motion to set aside the default and permit a plea since subsection (b) of the aforequoted rule permits a response to the writ on or before the return day. There was, indeed, one more day to respond.
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
McNULTY, C. J., and HOBSON and BOARDMAN, JJ., concur.